UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY MIGLIACCIO                                      CIVIL ACTION

VERSUS                                                  NO. 18-8184

BOLIVAR CLEANING SERVICE, LLC                           SECTION: "H"

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for New Trial (Doc. 94). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This maritime personal injury suit arises out of a November 2017 collision between the M/V Megan E. Dupre ("Megan Dupre") and the M/V Christina Belcher ("Christina Belcher") along the Intracoastal Waterway. At the time of the collision, Plaintiff Anthony Migliaccio was employed by Dupre Marine Transportation, LLC ("Dupre Marine") as a Captain aboard the Megan Dupre. Defendant Bolivar Barge Cleaning Services, LLC ("Bolivar Barge") was leasing and operating the Christina Belcher at the time of the collision. The collision occurred as the Christina Belcher attempted to overtake the Megan Dupre while traversing the Intracoastal Waterway.

A jury trial of this matter was held October 21 through 23, 2019. The jury returned the Jury Interrogatories with the following response to the first interrogatory, putting an end to trial:

(1) Do you find by a preponderance of the evidence that Boliver Barge was negligent and that the negligence was a proximate cause of the collision between the M/V Christina Belcher and M/V Megan Dupre?

We, the jury, unanimously find:

    \_\_\_\_ YES       \_X\_ NO

Plaintiff now moves this Court for a new trial, arguing that the jury's verdict is against the great weight of the evidence, constituting legal error which resulted in manifest injustice. Defendant opposes.

## LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure provides that, on a motion filed by a party, the court may "grant a new trial on all or some of the issues—and to any party—as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[1] Rule 59(a) does not list specific grounds for a new trial.[2] However, the Fifth Circuit has clarified that a new trial may be warranted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[3] "A new trial will not be granted based on trial error unless, after considering the record as a whole,

---

[1] FED. R. CIV. P. 59(a)(1)(A).
[2] *See id.*
[3] Smith v. Transworld Drilling Co., 773 F.3d 610, 613 (5th Cir. 1985).

2

the court concludes that manifest injustice will result from letting the verdict stand."[4]

## LAW AND ANALYSIS

Plaintiff argues that he should be granted a new trial because the jury could not have reasonably determined that Defendant was without fault. Plaintiff points to two pieces of evidence in support: first, the testimony of Milton Mims; and second, Defendant's closing argument.

At the time of the collision, Milton Mims was the captain of the Christina Belcher, the maritime vessel being leased and operated by Defendant. Plaintiff avers that Mims' testimony at trial unequivocally established fault, at least in part, by Defendant. Specifically, Plaintiff points to testimony by Mims stating that: (1) maintaining a safe speed and a safe distance between vessels is necessary for safety and for avoiding collisions; (2) if a vessel is being navigated at a safe speed, the captain should be able to maneuver to avoid a collision; and (3) the Christina Belcher's speed and distance from the Megan Dupre played a role in the collision.

Defendant argues that there was more than sufficient evidence presented at trial to support the jury's finding that Plaintiff's actions were the sole cause of the collision. Defendant notes that the details of the overtaking agreement between the two vessels was a hotly contested issue at trial, and the testimony presented showed that Plaintiff slowed—and may have even stopped—the Megan Dupre well before the agreed-upon spot. Defendant also points to the testimony of its expert, Captain Beacom, who testified that the collision between the vessels occurred when Plaintiff gave up the opportunity

---

[4] Learmonth v. Sears, Roebuck & Co., 631 F.3d 724, 730 (5th Cir. 2011) (quoting Foradori v. Harris, 523 F.3d 477, 506–07 (5th Cir. 2008)) (internal quotations omitted).

to keep the boats separated by slowing down and that Plaintiff would have prevented the collision by maintaining his speed properly.

Defendant argues that, as the finder of the fact, it was the jury's decision to determine which version of the overtaking agreement was in place—the version presented by Milton Mims, wherein Plaintiff improperly slowed, or the version presented by Plaintiff, wherein he properly slowed the Megan Dupre. If the jury chose to believe Mims' account of the overtaking agreement, and it appears that they did, then the jury could have reasonably concluded that Defendant was not at fault in the collision. Indeed, if Plaintiff slowed or stopped the Megan Dupre in contravention to the overtaking agreement, and Mims abided by the agreement, then one could reasonably conclude that Defendant had no fault in the collision. Further, Mims' testimony that his speed and distance played a role in the collision does not invalidate the possible, logical conclusion that Defendant was without fault. Collisions, as a matter of law, do not necessitate the fault of *all* involved parties, and the great weight of the evidence here does not support such a finding.

Plaintiff also points to the closing argument of Defendant at trial to show that the jury could not have reasonably concluded that Defendant was without fault. Plaintiff notes that counsel for Defendant stated:

> I am not going to stand here and tell you or suggest to you that Bolivar is zero percent at fault. I don't think that's fair to you all. So when you get to this section, please think about who could have prevented this. I would suggest Mr. Migliaccio is 90 percent at fault.

Defendant argues, however, that the jury instructions stipulated that "statements of counsel are not evidence; they are only arguments. . . . What the lawyers say or do is not evidence."[5] Defendant further argues that the closing

---

[5] Doc. 97-1 at 29.

argument excerpt is taken out of context and instead discusses one of the last questions in the jury interrogatories regarding the apportionment of fault. Defendant notes that the statement is prefaced by the qualifying language of, "were you to get this far." This Court finds Plaintiff's arguments about Defendant's closing statement unavailing and certainly not "great" enough to order a new trial.

In sum, this Court is not persuaded by Plaintiff's argument that the great weight of the evidence presented at trial is counter to the jury's verdict. A new trial can only be granted if a court concludes that manifest injustice will result from letting the verdict stand. This Court concludes that no such manifest injustice will result from letting this verdict stand.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for a New Trial (Doc. 94) is **DENIED**.

New Orleans, Louisiana this 30th day of June, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**